537 F.2d 77
 INTERSTATE COMMERCE COMMISSION and Alco-Gravure, Inc., Appellant,
v.
The BALTIMORE AND ANNAPOLIS RAILROAD COMPANY, a corporation,
and Elmer J. Jubb, Appellees.
INTERSTATE COMMERCE COMMISSION and Alco-Gravure, Inc., Appellees,
v.
The BALTIMORE AND ANNAPOLIS RAILROAD COMPANY, a corporation,
and Elmer J. Jubb, Appellants (two cases).
 Nos. 75-1787 to 75-1789.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 3, 1976.
Decided April 19, 1976.
 
 Lee A. Monroe, Washington, D. C. (John S. Edwards, Washington, D. C., Joseph I. Huesman, Lerch & Huesman, Baltimore, Md., and Sidley & Austin, Washington, D. C., on brief), for appellants in Nos. 75-1788 and 75-1789 and appellees in No. 75-1787.
 Daniel S. Linhardt, Washington, D. C. (Dennis M. Hart, Daniel M. O'Donoghue, Bernard A. Gould, Attys., Interstate Commerce Commission, Washington, D. C., on brief), for appellants in No. 75-1787 and appellees in Nos. 75-1788 and 75-1789.
 John J. Walsh, New York City, (Earl H. Memser, New York City, on brief), for appellant in No. 75-1787 and appellees in Nos. 75-1788 and 75-1789.
 Before CRAVEN, FIELD and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Interstate Commerce Commission (Commission) instituted this action pursuant to 49 U.S.C. § 1(20) against the defendants, the Baltimore and Annapolis Railroad Company (B & A) and its President, Elmer J. Jubb, seeking injunctive relief against B & A for the alleged illegal abandonment of a segment of its railroad running from Clifford Junction in Baltimore City to a point approximately six miles south. Alco-Gravure, Inc. (Alco), a former customer of B & A, was permitted to intervene, and filed its amended complaint with a prayer for damages against B & A based upon common law principles as well as 49 U.S.C. §§ 1(4) and 1(11). In addition to its contest on the merits, B & A filed a motion to stay the action pending the disposition of its application to the Commission under 49 U.S.C. § 1(18) for a certificate permitting abandonment.
 
 
 2
 Following a hearing the district judge filed an opinion containing his findings of fact and conclusions of law in which he held that B & A's failure to provide rail service on the segment in question constituted an unlawful abandonment within the meaning of Section 1(18) and granted injunctive relief requiring B & A to proceed with the repairs necessary to restore such rail service. With respect to Alco's claim for damages, the district judge concluded that its pursuit of damages in the Commission proceeding constituted an election of remedies under 49 U.S.C. § 9, precluding its assertion of damages in the district court.
 
 
 3
 Upon consideration of the record, the briefs and oral argument, we affirm upon the opinion of the district judge. I.C.C. v. Baltimore and Annapolis Railroad Company, 398 F.Supp. 454 (D.C.Md.1975).
 
 
 4
 AFFIRMED.